UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

| | |
|---|---|
| HILDA SOLIS, Secretary of Labor,<br>United States Department of Labor, | Civil Action File |
| Plaintiff, | No. 10-CV-09413-DLC |
| v. | |
| PARK IT MANAGEMENT INC., Individually and as owner; GARY SPINDLER | CONSENT JUDGMENT |
| Defendants. | |

## CONSENT JUDGMENT

Plaintiff, the Secretary of Labor, has filed her Complaint and defendants PARK IT MANAGEMENT INC., GARY SPINDLER appeared by Counsel and, without admitting or denying any of the violations alleged in the complaint, waive their answer, and agree to the entry of this judgment without contest. By executing this Consent Judgment, defendants waive formal service of process of the summons and complaint in this matter.

Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown ORDERED that:

I. Defendants, their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(1)     Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2)     Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation in compliance with the Act.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by him as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

(4) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in any of the following activities:

a.     Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

b.     Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act or a rule or

2

regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship.

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

II. Defendants PARK IT MANAGEMENT INC. and GARY SPINDLER are enjoined and restrained from withholding the payment of $23,874.54 in overtime compensation and an additional $23,874.54 in liquidated damages, plus post-judgment interest in the amount of $28.91, is due certain employees listed on Exhibit A. Payment of these amounts will be made by certified checks made payable to "Wage-Hour, Labor". "Case No. 1561933" must be written on the face of each check. Checks shall be sent to:

**U.S. Department of Labor
Wage and Hour Division
Attn: Deborah Savage
170 S. Independence Mall West, Suite 850W
Philadelphia, PA 19106**

Payments shall be made in four installments as follows:

| Due Date | Payments | Amounts | Interest | Total |
|---|---|---|---|---|
| 11/15//2010 | Initial Payment | $20,000.00 | | $20,000.00 |
| 11/15/2010 | Payment I | $6,937.27 | $4.36 | $6,941.63 |
| 11/30/2010 | Payment II | $6,937.27 | $6.97 | $6,944.24 |
| 12/15/2010 | Payment III | $6,937.27 | $10.44 | $6,947.71 |
| 12/31/2010 | Payment IV | $6,937.27 | $7.14 | $6,944.41 |

| Totals | | $47,749.08 | $28.91 | $47,777.99 |

III. A copy of each check shall be simultaneously sent to **US Department of Labor, Wage & Hour Division, 26 Federal Plaza, Room 3800, New York, NY 11201, Attn: District Director Maria Rosado.**

IV. In the event that any one installment payment is not made within 10 days of the due date as set forth above, all remaining installment payments become due immediately.

V. Neither defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment.

VI. The plaintiff shall deliver the proceeds of each check less any legal deductions to the employees as indicated on Exhibit A. Any sums not distributed to the employees or to their personal representatives, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042.

VII. Defendants shall provide to plaintiff the last known addresses of the defendants' employees and former employees to be paid.

VIII. Defendants PARK IT MANAGEMENT INC. and GARY SPINDLER shall pay a civil money penalty in the amount of $6,545.00. Defendants shall pay the civil money penalty on or before November 30, 2010 by delivering a certified check made payable to "Wage and Hour-Labor". **"Case No. 1561933" must be written on the face of the check,** which shall be sent to:

4

**U.S. Department of Labor**
**Wage and Hour Division**
**Attn: Deborah Savage**
**170 S. Independence Mall West, Suite 850W**
**Philadelphia, PA 19106**

IX. If the defendants fail to make the payments as set forth above, upon notice to the defendants, the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment. In the event a Receiver is appointed:

(1) Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

(2) All the expenses of the accountant or Receiver shall be borne solely by defendants.

(3) If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied.

(4) The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment.

X. Defendants shall place posters provided by the Wage and Hour Division with information about the FLSA where employees may view them.

5

XI. Defendants shall orally inform all their employees in English and Spanish of the employees' rights under the Fair Labor Standards Act, and the terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. The defendants shall so inform their employees within thirty (30) days of the entry of Judgment on a workday.

XII. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against defendant under section 16(b) of the Act for any violations alleged to have occurred after June 11, 2010.

XIII. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

DATED: Dec. 29, 2010
New York, New York

UNITED STATES DISTRICT JUDGE
HONORABLE DENISE L. COTE

Defendants have appeared by counsel and consent to the entry of this Judgment.

GARY SPINDLER, Individually

6

PARK IT MANAGEMENT INC.

By: _____
GARY SPINDLER

_____

Attorney for Defendants
Hughes Hubbard & Reed LLP by [signature]

## Summary of Unpaid Wages

## U.S. Department of Labor
Wage and Hour Division



| (Office Address) | New York City District Office<br>26 Federal Plaza<br>Suite 3700<br>New York, NY 10278-0190<br>646-587-5300 | Investigator:<br>*Lucas Martinez*<br>Employer Fed Tax ID Number  **13-3949590** | | Date:<br>*10/29/2010* |
|---|---|---|---|---|

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. Gross Amounts Due |
|---|---|---|---|---|
| 1. Betancourt, Jhon Mario | | 06/16/2007 to 09/27/2008 | 1 | $768.33 |
| 2. Bracero, Santos | | 06/16/2007 to 06/12/2010 | 1 | $1,697.45 |
| 3. Campbell, Aubrey | 121-13 103rd Avenue<br>South Richmond Hill, NY 11419 | 06/16/2007 to 06/12/2010 | 1 | $2,037.28 |
| 4. Clemente, Abraham E | 3011 Heath Avenue Apt., 24<br>Bronx, NY 10463 | 06/16/2007 to 08/29/2009 | 1 | $1,248.26 |
| 5. Duarte, Mavel | 539 W 103 Street Apt., 21<br>New York, NY 10032 | 06/16/2007 to 06/14/2008 | 1 | $1,931.58 |
| 6. Enriquez, Miguel | 268 Nagel Avenue #5G<br>New York, NY 10034 | 06/16/2007 to 06/12/2010 | 1 | $1,990.11 |
| 7. Fayez, Nagy Aziz | 750 North Broad Street Apt., 8F<br>Elizabeth, NJ 07208 | 06/16/2007 to 06/12/2010 | 1 | $1,990.11 |
| 8. Henien, Alfouns Helmi | 6085 67th Avenue Apt 1<br>Ridgewood, NY 11385 | 06/16/2007 to 06/12/2010 | 1 | $1,697.45 |
| 9. Loyola, Guillermo | 447 63rd Street 1st Floor<br>Brooklyn, NY 11220 | 06/14/2008 to 06/12/2010 | 1 | $1,990.11 |
| 10. Pena, Louis Fernando | 112 Stuyvesant Ave<br>Lyndhurst, NJ 07071 | 06/16/2007 to 06/12/2010 | 1 | $1,873.04 |
| 11. Rodriguez, Junior | 101 34th Street Apt., 2<br>Union City, NJ 07087 | 06/14/2008 to 06/12/2010 | 1 | $1,873.04 |
| 12. Saleh, Amir | 4245 Ketchem St<br>Rosedale, NY 11422 | 06/16/2007 to 08/01/2009 | 1 | $1,308.48 |
| 13. Silva, Juan Fernando | 644 W. 185th Street<br>New York, NY 10033 | 06/14/2008 to 06/12/2010 | 1 | $1,771.85 |
| 14. Valerio, Juan | | 06/14/2008 to 06/12/2010 | 1 | $1,697.45 |

| I agree to pay the listed employees the back wages shown due and to mail proof of payment to the Wage and Hour District Office shown above by<br>*10/31/2010*<br>Signed: _____ | Employer Name and Address:<br>*Park It Managment*<br>*Park it Managment*<br>*250 W. 26th Street*<br>*New York, NY 10001* | TOTAL | $23,874.54 |
|---|---|---|---|

* Column 4-Code
FLSA 1
PCA 2
SCA 3
DBRA 4
CWHSSA 5
CCPA 6
FMLA 7

Form WH-56

Date: 10/29/2010 12:18:25 PM    Case ID: 1561933    Page 1